

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:07-CR-47 |
| | § | |
| RAY EDWARD MARTIN | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Ray Edward Martin, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release  The Court conducted a hearing on September 1, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of

his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On June 28, 2007, The Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced defendant after he pled guilty to the offense of felon in possession of a firearm, a Class C felony. Judge Heartfield sentenced Mr. Martin to 21 months imprisonment to be followed by three years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; mental health aftercare; and a $100 special assessment. On October 6, 2008, Mr. Martin completed his period of imprisonment and began service of the supervision term.

On October 18, 2008, the Court modified the conditions of supervised release to include the defendant shall not operate a motor vehicle while being prescribed a prescription mediation without

the approval of the probation officer

### B. Allegations in Petition

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant shall not operate a motor vehicle while being prescribed a prescription mediation without the approval of the probation officer.*

Specifically, on August 5, 2010, U.S. Probation Officer Robert White visited Ray Martin's residence and spoke with his mother, Freda Martin. Mrs. Martin reported that Ray Martin was not at home. She advised that he drove his motor vehicle to a friend's residence. On August 10, 2010, Ray Martin admitted he operated a motor vehicle on August 5, 2010, after his probation officer had previously advised him that he was restricted from operating a motor vehicle.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would present testimony in support of the above allegation. Specifically, the Government would establish that on August 5, 2010, United States Probation Officer Robert White conducted a home visit on Mr. Martin's residence. At that time, Mr. Martin was not present and his mother advised the probation officer that Mr. Martin had left the residence in a motor vehicle. The documentary evidence would also show that on August 10, 2010, Mr. Martin admitted to his probation officer that he operated a motor vehicle without the permission of his probation officer when Mr. Martin left his residence in a vehicle to go get peas.

Defendant, Ray Edward Martin, offered a plea of true to the allegations. Specifically, Mr. Martin agreed with the evidence presented and pled true to the allegation that he operated a motor

vehicle without permission in violation of his supervision conditions.

**D.  Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervised release by operating a motor vehicle on August 5, 2010, without the permission of his probation officer.

If the Court finds that Mr. Martin violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon Martin's criminal history category of IV and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from six to twelve months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3)

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by operating a motor vehicle without permission in violation of his supervision conditions. Mr. Martin knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **nine (9) months imprisonment**. The Court recommends that Mr. Martin be placed in a Federal Medical Center (FMC) facility with the Bureau of Prisons for service of the imprisonment term to enable him to receive cancer treatment while he is incarcerated. The Court finally recommends that Mr. Martin receive no further supervision term upon his release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and

(2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of September, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE